UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSÉ MERCADO,

                    Plaintiff,

          -against-

THE CITY OF NEW YORK, et al.,

                    Defendants.

1:25-CV-10037 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff José Mercado, of New York, New York, filed this *pro se* action asserting claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act of 1967 ("ADEA"), the Rehabilitation Act of 1973, the Americans with Disabilities Act of 1990 ("ADA"), the Family and Medical Leave Act of 1993 ("FMLA"), and the New York State and City Human Rights Laws, as well as other claims under state law. He sues: (1) the City of New York; (2) the "New York City Department of Health," which the Court understands to be the New York City Department of Health and Mental Hygiene ("DOHMH"), his former employer; and (3) the New York City Department of Citywide Administrative Services ("DCAS"). For the reasons discussed in this order, the Court transfers this action to the United States District Court for the Eastern District of New York.[1]

---

[1] Plaintiff has filed with his complaint a request to proceed *in forma pauperis*, an application for the court to request *pro bono* counsel, and a motion to seal. (ECF 2, 4, 5.) Because Plaintiff moves to seal this action, the Court has directed the Clerk of Court to restrict electronic access to this action's docket and to Plaintiff's submissions filed in this action to a "case participant only" basis until the motion to seal is adjudicated.

## DISCUSSION

Under the applicable venue provision for Plaintiff's claims under Title VII, the Rehabilitation Act, and the ADA, such claims may be brought:

> in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3) (Title VII's venue provision); *see* 29 U.S.C. § 794a(a) (incorporating by reference, among other things, Title VII's venue provision for employment claims under the Rehabilitation Act); 42 U.S.C. § 12117 (same for claims under Title I of the ADA).

Plaintiff seems to allege that he worked in the DOHMH's office located in Long Island City, Queens County, New York. (ECF 1, at 2-3.) Thus, it would appear that the alleged unlawful employment practices occurred there. Queens County lies within the Eastern District of New York, *see* 28 U.S.C. § 112(c), not within this judicial district.[2] That being said, under one provision of Section 2000e-5(f)(3), this court, the United States District Court for the Eastern District of New York, and the other two federal district courts within the State of New York, *see* § 112(a)-(d), are all proper venues for Plaintiff's claims under Title VII, the Rehabilitation Act, and the ADA.

In addition, as it appears that the employment records relevant to such practices are maintained and administered in that same office in Queens County, and as Plaintiff would have

---

[2] This judicial district, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. *See* 28 U.S.C. § 112(b).

worked in that office in Queens County but for the alleged unlawful employment practices, the

United States District Court for the Eastern District of New York, as opposed to this court, is a

proper venue for such claims under additional abovementioned provisions of Section 2000e-

5(f)(3).[3]

Claims under ADEA and the FMLA, however, are governed by the general venue

provision at 28 U.S.C. § 1391(b). *See Rosol v. N.Y.C. Hous. Auth.*, No. 1:25-CV-5183 (JMF),

2025 WL 1808897, at *1-2 (S.D.N.Y. July 1, 2025) (FMLA); *Stilwell v. Northwell Health, Inc.*,

1:24-CV-7707 (DLC), 2025 WL 521378, at *1 (S.D.N.Y. Feb. 18, 2025) (ADEA). The same is

true with respect to state-law claims. Under Section 1391(b), unless otherwise provided by law, a

federal civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are
> residents of the State in which the district is located; (2) a judicial district in
> which a substantial part of the events or omissions giving rise to the claim
> occurred, or a substantial part of property that is the subject of the action is
> situated, or (3) if there is no district in which an action may otherwise be
> brought as provided in this section, any judicial district in which any
> defendant is subject to the court's personal jurisdiction with respect to such
> action.

28 U.S.C. § 1391(b). Under that provision, a "natural person" resides in the judicial district

where the person is domiciled, and any other entity with the capacity to sue and be sued, if a

defendant, resides "in any judicial district in which such defendant is subject to the court's

personal jurisdiction with respect to the civil action in question." § 1391(c)(1), (2).

---

[3] Because the City of New York is located within both this judicial district and in the
Eastern District of New York, *see* 28 U.S.C. § 112(b), (c), and as the DOHMH is a New York
City agency, the DOHMH's principal office may be located within this judicial district or in the
Eastern District of New York, possibly making this court a proper venue for Plaintiff's claims
under Title VII, the Rehabilitation Act, and the ADA, under an additional abovementioned
provision of Section 2000e-5(f)(3).

The City of New York, the DOHMH (a New York City agency), and DCAS (another New York City agency) reside both within this judicial district and the Eastern District of New York. *See* § 112(b), (c). Thus, this court and the United States District Court for the Eastern District of New York are proper venues for Plaintiff's claims under the ADEA, the FMLA, and under state law, under Section 1391(b)(1).

Plaintiff seems to allege, however, that a substantial portion of the alleged events that are the bases for his claims occurred in the abovementioned DOHMH office in Long Island City, Queens County, New York. (ECF 1, at 2-3, 8-10.) Thus, because Queens County lies within the Eastern District of New York, *see* § 112(c), under Section 1391(b)(2), the United States District Court for the Eastern District of New York is a proper venue for Plaintiff's claims under the ADEA, the FMLA, and under state law. Plaintiff's complaint does not suggest that a substantial portion of the alleged events took place with this judicial district. Thus, it is not clear that this court is a proper venue for such claims under Section 1391(b)(2).

Under 28 U.S.C. § 1404(a), even if an action is filed in a federal district court where venue is proper, a court may transfer the action to any other federal district court where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412,

458-59 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer appears to be appropriate for this action. While the defendants reside and are located both within this judicial district and in the Eastern District of New York, Plaintiff's complaint alleges that a substantial portion of the alleged events took place within the Eastern District of New York. Thus, it is reasonable to expect that relevant documents and witnesses would also be located within that judicial district. The United States District Court for the Eastern District of New York, which is a proper venue for all of Plaintiff's claims, appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to that court. *See* § 1404(a); *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Eastern District of New York. *See* 28 U.S.C. § 1404(a). Whether Plaintiff should be permitted to proceed further without prepayment of fees (ECF 2), whether *pro bono* counsel should be requested to represent Plaintiff (ECF 4), and whether this action or any of Plaintiff's submissions filed in this action should be sealed (ECF 5) are determinations to be made by the transferee court. This Court defers to the transferee court as to whether to maintain the current restrictions on electronic access to this action's electronic docket and to any submissions filed in this action. Summonses shall not issue from this court. This order closes this action in this court. The Court, therefore, directs the Clerk of Court to terminate ECF 4 and 5 on this court's electronic docket of this action.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    January 16, 2026
          New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge